UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| MELISSA TAILOR ESTRADA | § § | |
| Plaintiff | § § | |
| v. | § § § | CAUSE NO. MO:19-CV-157 |
| ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY | § § § § | |
| Defendant | § | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

1. COMES NOW, Melissa Tailor Estrada, Plaintiff, by and through her undersigned counsel, complaining of Allstate Casualty Insurance Company, Defendant, and for cause of action would respectfully show the Court as follows:

### PARTIES

2. Plaintiff, Melissa Tailor Estrada, is an individual and resident of Texas.

3. Defendant, Allstate Fire and Casualty Insurance Company, is foreign corporation insurance company engaging in the business of insurance in the State of Texas.

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the parties and the subject matter hereto because complete diversity exists pursuant to 28 U.S.C. §1332 and the amount in controversy exceeds seventy-five thousand dollars ($75,000.00). The Defendant has their principal place of business in Illinois, a state other than Texas.

5. Venue is proper in the Western District of Texas because this action is brought in the county in which all or a substantial part of the events or omissions giving rise in this claim.

## FACTUAL BACKGROUND

6. On or about February 1, 2017, Plaintiff, Melissa Estrada was operating a 2014 Volkswagon Tiguan, in Midland County. Plaintiff was at a Yield Sign on "A" Street, when Plaintiff's vehicle was rear-ended by a 2008 Lexus GX bearing Texas License Plate CZV8478 operated by Natalie Dodd. The vehicle was owned by Kristi and John Hendricks; one auto liability policy covered Ms. Dodd and the Hendricks.

Ms. Dodd hit Ms. Estrada from behind, which caused an impact so hard that it herniated disc in her neck at the C5-C6 level causing compression of her spinal cord. . The accident was proximately caused by the negligence and gross negligence of Ms. Dodd. The collision resulted in serious injuries and damages sustained by Ms. Estrada. Ms. Estrada subsequently had surgery at UT Southwestern to correct herniation and relieve the pressure on her spinal cord.

7. The collision occurred in Midland County at the intersection of "A" Street and Cuthbert Avenue around 5:52 p.m. on or about February 1, 2017.

## NEGLIGENCE AND GROSS NEGLIGENCE

8. Ms. Dodd's aforementioned conduct constitutes negligence and/or gross negligence, for one or more of the following reasons:

   a. In failing to timely apply brakes of her vehicle in order to avoid the collision in question;

   b. In failing to maintain a proper lookout as such a person of ordinary prudence would have kept under the same or similar circumstances;

   c. In failing to maintain proper control over her vehicle;

   d. In failing to pay attention;

  e. In failing to control her speed;

  f. Disregarding a Yield Sign;

  g. In otherwise operating her vehicle in an unsafe manner;

and

  g. Following too closely.

9. The aforementioned acts and/or omissions were the proximate cause of the damages suffered by the Plaintiff, as set forth herein.

10. Nothing Ms. Estrada did or failed to do resulted in the collision or her serious injuries.

11. Rather it was the negligence of Ms. Dodd, which caused the collision and Plaintiff's resulting injuries and damages.

## DAMAGES OF MELISSA ESTRADA

12. As a result of the aforementioned acts and/or omissions of Natalie Dodd, Mrs. Estrada's body was bruised, battered and contused in various places and Plaintiff has had to have surgery on her cervical spine for a herniated disc, disc arthroplasty, discectomy with end plate, and osteophytectomy for nerve root or spinal cord decompression as a result of these injuries, which has caused her to sustain the following damages:

  a. Past and future pain, suffering and mental anguish;

  b. Past and future physical impairment;

  c. Past and future reasonable and necessary medical expenses;

and

  d. Past and future lost wages and earning capacity.

13. As a result of the above-described collision, Plaintiff has suffered damages in an amount in excess of the minimal jurisdictional limits of this Court.

14.     Plaintiff seeks monetary relief over $200,000.00, including damages of any kind, or character, including actual damages, punitive damages, penalties, costs, expenses, pre-judgment and attorney fees.

## LIABILITY OF DEFENDANT
## ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

15.     Plaintiff would show that prior to February 1, 2017, she had paid the requested premium to Defendant Allstate Fire and Casualty Insurance Company ("Allstate") for an insurance policy which provided and does provide for certain items of automobile insurance coverage, among which is protection against underinsured motorists, and such policy of insurance number 836054777 was in full force and effect on February 1, 2017, at the time of the collision made the basis of this suit. Said policy provided Uninsured/Underinsured Bodily Injury benefits in the amount of fifty thousand dollars ($50,000) each person and one-hundred thousand dollars ($100,000.00) each accident and additionally provided Personal Injury Protection ("PIP") which was not purchased and additionally provided Medical Payments in the amount of two thousand dollars ($2,000.00) each person at the time of the collision made the basis of this suit. Melissa Estrada is an "Insured" as defined by the above policy of insurance at the time of the collision made the basis of this suit.

### UNDERSINSURED MOTORISTS INSURANCE AND PIP INSURANCE

16.     Plaintiff would show that at the time of the collision at issue in this lawsuit, Natalie Dodd was an underinsured motorist.

17.     Plaintiff would also show at the time of the collision which forms the basis of this lawsuit, she was insured under Texas personal automobile insurance policy underwritten by Allstate Casualty Insurance Company under Policy No. 836 054 777, which provided, among other things, Uninsured/Underinsured Motorists Bodily Injury Coverage benefits of fifty thousand dollars

($50,000.00) per person

18. Policy No. 836 054 777 also provided Medical Payments Benefits of two thousand dollars ($2,000.00) per person per accident.

19. Because Ms. Dodd's negligence and gross negligence were the proximate cause of the aforementioned collision; and, because Ms. Dodd was an underinsured motorist, Plaintiff subsequently made a claim with Allstate Casualty Insurance Company, under Policy No. 836 054 777, which provided, among other things, Uninsured/Underinsured Coverage for a combined total of fifty thousand dollars ($50,000) per person as well as Medical Payments Benefits in the amount of two thousand dollars ($2,000.00).

20. Plaintiff submitted detailed proof and documentation of all the aforementioned damages, including medical records and itemized bills. Nevertheless, Allstate has either failed or refused to pay the benefits to which Mrs. Estrada is justly entitled under the Uninsured/Underinsured Motorist Benefit and Medical Payments Benefit Provisions of the aforementioned automobile insurance policy.

21. Allstate failed and continues to fail and/or refuses to pay any of the Uninsured/Underinsured Motorist Limits.

22. By reason of this failure, Plaintiff hereby sues for payment of the fifty-two thousand dollars ($52,000.00) Uninsured/Underinsured Motorist Coverage to which she is entitled by the terms of her policy with Allstate Casualty Insurance Company, as well as for other monetary damages and remedies to which she is entitled by law by reason of Allstate's failure and refusal.

## NOTICE AND CONDITIONS PRECEDENT

23. Plaintiff has served Defendant Allstate Casualty Insurance Company with notice of this claim, including documentation and detailed proof of her damages and entitlement to the

aforementioned insurance benefits. All other conditions precedent to maintaining this cause of action have been performed or have otherwise occurred.

## **DECLARATORY JUDGMENT**

24. Based on the foregoing facts and circumstances, Plaintiff seeks a declaratory judgment pursuant to Texas Civil Practice & Remedies Code §37.001 *et seq.*, to have her rights, status, and other legal relationships vis-a-vis Defendant, established by a Court of competent jurisdiction. In particular, Plaintiff seeks a declaration from the Court that:

   a. The damages suffered by Plaintiff falls within the terms of coverage afforded to her under Policy No. 836 054 777 (Allstate Casualty Insurance Company);

   b. The amount for all categories of economic and non-economic damages that Plaintiff is entitled to recover from Defendants for her Underinsured Motorist Claim No. 0444677926 JMJ, allowing all applicable credits and offsets;

   c. Defendant Allstate Casualty Insurance Company has engaged in *per se* statutory violations of the Texas Insurance Code, as set forth in more detail below, and is liable for all remedies set forth in the pertinent subchapters;

   d. Defendant Allstate Casualty Insurance Company has breached its contract with Plaintiff, and is liable for all remedies set forth in the pertinent subchapters;

   e. Finally, specifying the amount of damages owed to Plaintiff under the insurance contract with Defendant, including interest, reasonable and necessary attorneys' fees, Court costs, and other expenses. Attorneys' fees are sought not only for breach of the contract, but also as allowed under the Texas Declaratory Judgment Act and also for violations of the Texas Insurance Code.

## **CAUSES OF ACTION**

### **A. Breach of Duty of Good Faith and Fair Dealing**

25. Under the established common law and judicial precedent in the State of Texas, Defendant Allstate Fire and Casualty Insurance Company owes its insured a duty of good faith and fair dealing, due to the special relationship that exists between the insurance carrier and its insured.

26. An insurance carrier is liable for breaching its duty of good faith and fair dealing owed to its

insured when it fails to attempt in good faith to effectuate a prompt, fair, and equitable settlement of claim, as Allstate has done in this case.

27.     As a result, Plaintiff has suffered damages, including but not limited to: medical expenses, lost wages, damage to her credit history due to unpaid medical expenses, and additional interest due to delay in payment of this claim.

### B. Violation of Texas Insurance Code

28.     Allstate Fire and Casualty Insurance Company's failure to attempt to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim, with respect to which Allstate's Fund's obligation has become reasonably clear, and its failure to promptly pay the full policy limits of Plaintiff's coverage, constitute violations of Texas Insurance Code §§ 541 & 542, *et seq.* Specifically,

    (a)    It is a violation of Chapter 543 for an insurance to engage in the following:

        (i)    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

        (ii)   Refusing, failing, or unreasonably delaying an offer of settlement under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for damages suffered, except as may be specifically provided in the policy;

and/or

        (iii)  With respect to a Texas personal auto policy, delaying or refusing settlement of a claim solely because there is other insurance of a different type available to satisfy all or part of the loss forming the basis of that claim.

    (b)    It is an "unfair claim settlement practice" and violation of Chapter 542 for an insurance and insurer's employees to engage in the following:

        (i)    Not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear;

and/or

      (ii)    Compelling policy holders to institute suits to recover amounts due under its policies by offering substantially less than the amount ultimately received in suits brought by them.

(c)    Allstate Fire and Casualty Insurance Company has violated the aforementioned statutory provisions and engaged in unfair claim settlement practices by:

      (i)    Unreasonably delaying in response to Plaintiff's initial detailed proof of loss and demand for underinsured motorist benefits;

      (ii)    Further unreasonably delaying and altogether failing to respond to Plaintiff's subsequent demand(s) after providing additional documentation;

      (iii)    Soliciting detailed documentation from Plaintiff about health insurance coverage payments (i.e., explanation of benefit forms) made towards Plaintiff's voluminous medical expenses, and using such request for documentation as a basis for unreasonably delaying and/or denying Plaintiff's underinsured motorist claim, in direct violation of the aforementioned provisions of Chapter 541 of the Texas Insurance Code;

and

      (iv)    Forcing Plaintiff to institute the present cause of action to recover not only the $50,000.00 policy limits, but all additional actual damages beyond the policy limits, all interests, all Court costs, all attorneys' fees, and other such expenses, in an amount that would be substantially more than simply paying the policy limits due under the Allstate Casualty Insurance Company policy in the direct violation of the aforementioned provisions of Chapter 542 of the Texas Insurance Code.

(d)    In a lawsuit under the aforementioned subchapters of the Texas Insurance Code, Plaintiff may obtain:

      (i)    The amount of actual damages, plus interest thereon at the rate of eighteen percent (18%) annum;

      (ii)    On a finding by the trier of fact that Defendant knowingly committed the act(s) complained of, an amount not to exceed three (3) times the actual damages;

      (iii)    Reasonable and necessary attorneys' fees, which are to be taxed as Court

costs, along with all other taxable Court costs;

and

    (iv)    Any other relief which the Court deems proper.

(e)    Furthermore, pursuant to Texas Insurance Code § 542.061, the remedies provided under this subchapter are not exclusive and are in addition to any other remedy provided by statute or at common law.

### C. Breach of Contract

29.    Plaintiff would show that she entered into a binding contact with Allstate Casualty Insurance Company for automobile insurance (including Underinsured Motorist Coverage) under Policy No. 836 054 777, and that there existed a meeting of the minds as to the premiums to be paid by Plaintiff, and all actions to be taken by Plaintiff upon suffering a covered loss, and the duties and obligations of Allstate Fund towards Plaintiff.

30.    Defendant breached the contract by failing to evaluate and pay on a covered claim.

31.    Defendant's breach has proximately caused Plaintiff's damages, to include the policy amount, interest on the policy amount at eighteen percent (18%) per annum, reasonable and necessary attorney's fees in prosecuting this claim to seek the policy amount, and Court costs.

32.    Plaintiff is entitled to recover pre-judgment and post-judgment interest on her damages as provided by Texas Financial Code.

### **PRAYER**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final Trial on the merits, Plaintiff have and recover from Defendants the following:

(a)    Actual damages in an amount in excess of the minimum jurisdictional limits of this

        Court;

(b)   Punitive damages in an amount within the discretion of the Court and jury;

(c)   Pre-judgment at the highest legal rate of eighteen percent (18%) per annum;

(d)   Reasonable and necessary attorney's fees;

(e)   Taxable Court costs;

(f)   Statutory damages in the amount of three (3) times the actual damages;

(g)   Post-judgment interest on the above amounts, compounded annually;

and

(h)   Such other and further relief, general or special, at law or in equity, to which the Court finds Plaintiff is justly entitled.

Respectfully submitted,

Law Office of Brian Carney
1202 W. Texas Ave.
Midland, Texas 79701
Tel: (432) 686-8300
Fax: (432) 686-1949

By: _____
Brian Carney
State Bar No. 03832275
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on the 29 day of June, 2019, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, and am requesting citations of service to be issued to Allstate thru:

C T Corporation System
1999 Bryan St Ste 900
Dallas TX 75201 -3136

**Attorneys for Defendant
Allstate Casualty Insurance Company
VIA E-MAIL & E-FILE**

_____
Brian Carney